**Floyd D. ARRINGTON, Appellant,**

v.

**COUNTY OF DALLAS and Constable Jack Richardson, Appellees.**

**No. 05–89–00245–CV.**

Court of Appeals of Texas, Dallas.

March 29, 1990.

Rehearing Denied May 8, 1990.

Albert B. Greco, Jr., Chet L. Wheless, Jr., Dallas, for appellant.

Henry J. Voegtle, Shirley R. Thomas, Dallas, for appellees.

Before ENOCH, C.J., and KINKEADE and OVARD, JJ.

## OPINION

OVARD, Justice.

Floyd D. Arrington (Arrington) appeals from a summary judgment entered in favor of the County of Dallas (the County) and Constable Jack Richardson (Richardson). All parties moved for summary judgment. The trial court granted the motion for the County and Richardson, but denied Arrington's. The issues are: (1) whether deputy constables are employees subject to the Dallas County Civil Service Rules and Regulations [1] (the Rules); and (2) whether the County and Richardson are estopped from denying that Arrington was subject to the Rules. Because we hold that deputy constables are not employees under the Rules, and that the County and Richardson may deny that Arrington was covered by the Rules, we affirm the judgment below.

Arrington was employed as a deputy constable by Richardson, the elected constable, for over six years. After being terminated by Richardson, Arrington filed a grievance with the Dallas County Civil Service Commission, challenging his discharge. When Arrington was denied a post-termination hearing on his grievance, he brought a declaratory judgment action maintaining that deputy constables are subject to the Rules and thus, are entitled to post-termination hearings.

In his affidavit, Arrington stated that he believed he was subject to the Rules, and that Richardson provided him and other deputies with a copy of the Rules. Attached to the affidavit was a copy of the code of conduct for employees under civil service, which Arrington says he was required to follow during his employment. The trial court found that deputy constables are not civil service employees subject to the Rules. Arrington's position is that deputy constables are comparable to: (1) deputy tax assessor-collectors, who have been determined to be employees under civil service,[2] and (2) deputy county clerks, who have also been determined to be employees under the Rules.[3]

Arrington argues that the position of a deputy constable is more closely related to that of a deputy tax assessor-collector than a deputy sheriff because a deputy constable's appointment is based on the constable's needs and requires a commissioners court approval. He also directs this Court's attention to statutory language requiring deputy sheriffs to "[s]erve at the pleasure of the sheriff ...," but permits them to perform the acts and duties of the sheriff. Tex.Loc.Gov't Code Ann. § 85.003(c), (e) (Vernon 1988). Thus, he concludes that deputy sheriffs can exercise discretion in their own right, but deputy constables, just as deputy tax assessor-collectors, have no authority to do so. He also reasons that deputy constables are civil service employees.

■ The Texas Supreme Court has determined that the definition of "employee" under the Rules excludes one who (1) by statute is authorized to perform a government function, (2) in his own right, and (3) involving some exercise of discretion. *Green*, 516 S.W.2d at 135. Since this definition is one of exclusion, we will analyze the statutory authority and the role of a deputy constable. Some aspects of the positions of various types of deputies seem to overlap, or are very similar in nature. For example, sheriffs and constables are responsible for the acts of their deputies. Tex.Loc.Gov't Code Ann. §§ 85.003(d), 86.011(c) (Vernon 1988).[4] Further, a bond

1. Dallas County Civil Service Rules and Regulations adopted under the County–Wide Civil Service Act, Tex.Loc.Gov't Code Ann. § 158.031 *et seq.* (Vernon 1988).

2. *Green v. Stewart*, 516 S.W.2d 133, 136 (Tex. 1974).

3. Op.Tex.Atty.Gen. No. H–1144 (1978).

4. **§ 85.003. Deputies**
   (a) The appointment of a deputy sheriff must be in writing.
   (b) A person appointed as a deputy, before beginning to perform the duties of office, must take and subscribe the official oath, which, together with the certificate of the officer administering the oath, must be endorsed

may be required of deputy sheriffs, deputy constables, and deputy tax assessor-collectors. *Id; see also* Tex.Loc.Gov't Code Ann. § 292.028(c) (Vernon 1988). Both deputy constables and deputy sheriffs are authorized to issue service of process. *Id.* §§ 85.001(b)(4)(C), 85.003(e), 86.021(b), (c), 86.011(c). Deputy county clerks, as deputy sheriffs, may perform the acts of their principal. *Id.* §§ 82.005(c), 85.003(e). However, we are persuaded that an analysis of the position of deputy constable, including its statutory authority and duties, excludes it from the definition of employee as provided by the Rules.

Initially, we note that section 86.011(b) requires that deputy constables must qualify in the same manner as provided for by deputy sheriffs. There is no similar qualification requirement for deputy county clerks or deputy tax assessor-collectors in this requirement. Additionally, it has been determined that both deputy constables and deputy sheriffs are "[v]ested by law with some portion of the sovereign functions of government to be exercised by them for the benefit of the public. They are public officers clothed with the power and authority of their principles." *Rich v. Graybar Electric Co.,* 125 Tex. 470, 473, 84 S.W.2d 708, 709 (Tex.Comm'n App.1935, opinion adopted). Moreover, sheriffs and their deputies, as well as constables and their deputies, are statutorily designated as peace officers under article 2.12 of the Code of Criminal Procedure. Tex.Code Crim.Proc.Ann. art. 2.12(2) (Vernon Supp. 1990). However, deputy county clerks and deputy tax assessor-collectors are not included. As peace officers, deputy constables are empowered with specific governmental authorities and duties under article 2.13 of the Code of Criminal Procedure. This statute includes the duty to preserve the peace within his (the peace officer's) jurisdiction, execute lawful process issued to him, give notice of all offenses committed within his jurisdiction, and arrest offenders, without a warrant, where authorized by law. We note that deputy constables are designated as peace officers in their own right, not as agents of the constable. Further, all persons summoned by peace officers must assist them to overcome resistance when discharging a duty imposed upon them by law. Tex.Code Crim.Proc.Ann. art. 2.14 (Vernon 1977).

Article 14.01 of the Code of Criminal Procedure provides that peace officers may arrest persons, under certain statutory conditions, without a warrant. The provision that peace officers *may* arrest allows them to use discretion in discharging their

on the appointment. The appointment and oath shall be deposited and recorded in the county clerk's office. A list of the appointments shall be posted in a conspicuous place in that office.

(c) A deputy serves at the pleasure of the sheriff. However, the appointment of a deputy is revoked on indictment of the deputy for a felony.

(d) A sheriff is responsible for the official acts of a deputy and may require that a deputy execute a bond or other security. A sheriff has the same remedies against a deputy and the deputy's sureties as any other person has against the sheriff and the sheriff's sureties.

(e) A deputy may perform the acts and duties of the deputy's principal.

**§ 86.011. Appointment of Deputy Constable**

(a) An elected constable who desires to appoint a deputy must apply in writing to the commissioners court of the county and show that it is necessary to appoint a deputy in order to properly handle the business of the constable's office that originates in the constable's precinct. The application must state the name of the proposed deputy. The commissioners court shall approve and confirm the appointment of the deputy only if the commissioners court determines that the constable needs a deputy to handle the business originating in the precinct.

(b) Each deputy constable must qualify in the manner provided for deputy sheriffs.

(c) The constable is responsible for the official acts of each deputy of the constable. The constable may require a deputy to post a bond or security. A constable may exercise any remedy against a deputy or the deputy's surety that a person may exercise against the constable or the constable's surety.

(d) A person commits an offense if the person:

(1) serves as a deputy constable and the person has not been appointed as provided by Subsection (a); or

(2) is a constable and issues a deputyship without the consent and approval of the commissioners court.

(e) An offense under Subsection (d) is punishable by a fine of not less than $50 or more than $1,000.

duties. Arrington argues that *any person* has the right to arrest an offender, without a warrant, under article 14.01(a). He is correct only under limited circumstances, i.e., under article 14.01(a), any person has the right to arrest an offender provided the offense is a felony or offense against the public peace committed in the person's presence or within his view, but he neglects to mention article 14.01(b), which states that only a peace officer may arrest an offender for *any* offense. Article 14.03 of the Code of Criminal Procedure enumerates other circumstances where peace officers, not any person, may arrest offenders without a warrant. It authorizes the arrest of, without a warrant, "[p]ersons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws . . . ," in addition to other authority given peace officers. TEX.CODE CRIM.PROC.ANN. art. 14.03(a)(1) (Vernon Supp.1990). The Uniform Act Regulating Traffic on Highways, section 153, provides that any peace officer, which includes deputy constables, may arrest, without a warrant, traffic offenders who have violated any provisions of the Act. *See Christopher v. State*, 639 S.W.2d 932, 936 (Tex. Crim.App.1982) (op. on reh'g); *see also* TEX. REV.CIV.STAT.ANN. art. 6701d, § 153 (Vernon 1977). We determine that these provisions certainly provide deputy constables with statutory authority to perform the governmental function of maintaining public peace and order. The statutes further provide that deputy constables are peace officers in their own right, since they are specifically named. We believe that such authority and duties are not benign, as characterized by Arrington, but meaningful to the public, depending upon need and circumstances. In construing statutes, courts will not presume the legislature has done a useless act. *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 551 (Tex. 1981). We also determine that a degree of discretion must be exercised in order for deputy constables to properly perform their duties or exercise their authority. A high degree of discretion is necessary to decide whether to make a warrantless arrest, or to call on a citizen to assist with resistance encountered in the discharge of duties imposed by law, or in fulfilling duties for service of process.

Admittedly, deputy constables, as well as deputy tax assessor-collectors, are appointed on the basis of need, requiring commissioners court approval. Moreover, section 86.011 of the Texas Local Government Code does not *expressly* provide language stating that deputy constables serve at the pleasure of the constable or that they perform the acts and duties of their principal, as does section 85.003 so state when providing for deputy sheriffs and the sheriff. These provisions appear to reflect some similarities and differences in the various offices. Nevertheless, there appears to be no difference in authority granted city police, deputy constables, or municipal park patrolmen under 14.01(b). *Love v. State*, 687 S.W.2d 469, 478 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd.). Nor do we perceive any difference for sheriff's deputies. The term of deputy constables, as that of deputy sheriffs, expires when the principal's term expires. *See El Paso County v. Hill*, 754 S.W.2d 267, 268 (Tex. App.—El Paso 1988, writ denied). The statutory authority and governmental functions granted deputy constables go far beyond that of citizens not designated as peace officers. We hold that the authority of deputy constables, in performing governmental functions, may be exercised in their own right and by use of their discretion. *Green*, 516 S.W.2d at 136. Thus, they are excluded from the class of defined employees subject to the Rules.

■ Next, Arrington contends that even if he does not qualify as an employee under the Rules, the County and Richardson are estopped from denying that he is an employee because of certain acts and representations committed by them. Specifically, Arrington directs this Court's attention to the following acts and representations in support of his estoppel claim: (1) Richardson provided Arrington and other deputies with copies of the Rules; (2) Richardson distributed a memorandum to the deputies

informing them of changes made in the area of discipline and disciplinary actions under the Rules; and (3) the termination form which Arrington signed provided that he had a right to appeal his dismissal and obtain a hearing in front of a grievance committee.

Normally, these acts and representations would raise a fact issue as to estoppel, rendering a summary judgment improper. However, as Arrington acknowledges, the general rule is that estoppel may not be asserted against a governmental unit. *City of Hutchins v. Prasifka*, 450 S.W.2d 829, 835–36 (Tex.1970); *Farmer's Marine Copper Works, Inc. v. City of Galveston*, 757 S.W.2d 148, 152 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Leeco Gas & Oil Co. v. County of Nueces*, 716 S.W.2d 615, 617 (Tex.App.—Corpus Christi 1986), *rev'd on other grounds*, 736 S.W.2d 629, 632 (Tex.1987). Exceptions to the general rule do exist; however, the Texas Supreme Court has stated that they should be applied with caution and only where circumstances clearly demand their application to prevent manifest injustice. *See, e.g., City of Hutchins*, 450 S.W.2d at 836; *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 640 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *City of Dallas v. Rosenthal*, 239 S.W.2d 636, 645–46 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r.e.). We do not consider the circumstances in Arrington's case so grave as to constitute manifest injustice, thus warranting the application of an exception to the general rule.

Arrington also urges this Court to apply the doctrine of quasi-estoppel to prevent the County and Richardson from denying him employee status and the associated right of a post-termination hearing. Quasi-estoppel differs from equitable estoppel or estoppel in pais in that quasi-estoppel requires no concealment or misrepresentation of existing facts on the one side, and no ignorance or reliance on the other. *See, e.g., Gulbenkian v. Penn*, 151 Tex. 412, 418, 252 S.W.2d 929, 932 (1952) (outlining elements of equitable estoppel); *Stimpson v. Plano Indep. School Dist.*, 743 S.W.2d 944, 946 (Tex.App.—Dallas 1987, writ denied) (discussing reasons for development of quasi-estoppel doctrine); *El Paso Nat'l Bank v. Southwest Numismatic Inv. Group, Ltd.*, 548 S.W.2d 942, 948 (Tex.Civ.App.—El Paso 1977, no writ) (discussing differences between quasi- and equitable estoppel). Arrington has cited no case authority, nor have we found any, where a court has applied quasi-estoppel against a county. Furthermore, after a review of the record on appeal, we can find no evidence that Arrington's decision to accept the position of deputy constable was based in any part upon the right to have a post-termination hearing before a grievance committee in the event he was terminated. Therefore, we decline to apply the doctrine of quasi-estoppel to the facts in our case.

Finally, although the acts and representations of the County and Richardson would normally militate in favor of estoppel, Richardson cannot confer upon Arrington or other deputy constables rights and privileges not afforded under case law or statutes of this state. In other words, Richardson cannot unilaterally expand the office of deputy constable beyond that as established by statute and interpretive case law. *See Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947). Arrington's sole point of error is overruled.

The trial court's judgment is affirmed.