

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 19, 1996

The Honorable Steven C. Hilbig
Bexar County Criminal District Attorney
Bexar County Justice Center
300 Dolorosa, Suite 5072
San Antonio, Texas 78205-3030

Opinion No. DM-385

Re: Whether a deputy constable may be classified as an "employee" pursuant to chapter 158 of the Local Government Code (RQ-848)

Dear Mr. Hilbig:

You ask whether the civil service commission (the "commission") in a county that has created a civil service system under subchapter A of chapter 158 of the Local Government Code (the "code") but has not expanded the system under section 158.007 of the code may adopt a rule defining deputy constables as "employees" covered by the system. We believe such authority is found in code sections 158.001(2) and 158.009(a)(1).

Code section 158.002 authorizes "[a] county with a population of 200,000 or more [to] . . . create a county civil service system to include all the employees of the county who are not exempted from the system by the express terms or judicial interpretations of this subchapter or by the operation of Subchapter B." Before turning our attention to the meaning of *employees* as used in subchapter A and "the express terms or judicial interpretations of this subchapter," Local Gov't Code § 158.002, we note that subchapter B does not operate to exclude deputy constables from a subchapter A system. As we said in Attorney General Opinion DM-338,

> [s]ubchapter B permits a sheriff's department in a county of more than 500,000 residents to create a civil service system, [Local Gov't Code] § 158.032, that covers "employees," *id.* § 158.035, who are defined as employees of the sheriff's department, including deputy sheriffs, *id.* § 158.031(3). Section 158.040 provides that a sheriff's department civil service system "created under . . . subchapter [B] and in effect" applies to the exclusion of any other civil service system in the county.

Attorney General Opinion DM-338 (1995) at 6-7. Section 158.040 thus excludes an employee of the sheriff's department covered by a subchapter B civil service system from the coverage of a subchapter A system in the county. Deputy constables are not "employees" under subchapter B for the reason that they are not employees of the sheriff's department, so they cannot be excluded from a subchapter A system by virtue of the

existence of a subchapter B system. Therefore, for purposes of your question, it does not matter whether the county has created a subchapter B system.

Now we will consider whether deputy constables are "employees of the county," Local Gov't Code § 158.002. Section 158.001 defines *employee*, as used in subchapter A, as

> a person who obtains a position by appointment and who is not authorized by statute to perform governmental functions involving an exercise of discretion in the person's own right, unless the person is included by a local civil service rule adopted under the procedures outlined in Section 158.009; or a person included in the coverage of a county civil service system as the result of an election held under Section 158.007. The term does not include a person who holds an office the term of which is limited by the constitution of this state.

*Id.* § 158.001(2). Thus, an "employee" in a county that has a basic subchapter A civil service system is a person who

1. "obtains a position by appointment,"

2. "is not authorized by statute to perform governmental functions involving an exercise of discretion in the person's own right, unless the person is included by a local civil service rule adopted under the procedures outlined in Section 158.009," and

3. does not "hold[] an office the term of which is limited by the constitution of this state."

*Id.* Deputy constables do obtain their positions by appointment, *see id.* §§ 86.011, 151.001, and do not have a "term" of office, *see* Attorney General Opinion DM-338 (1995) at 6. They therefore meet the first and third requirements listed above. On the other hand, they are "authorized by statute to perform governmental functions involving an exercise of discretion in the person's own right," Local Gov't Code § 158.001(2). The court in *Arrington v. County of Dallas*, 792 S.W.2d 468, 470-71 (Tex. App.–Dallas 1990, writ denied), held that a deputy constable is not an "employee" under section 158.001 in a county that has adopted a basic civil service system because the deputy performs governmental functions in his or her own right and by use of discretion.

The *Arrington* court, however, applied the subchapter A definition of *employee* as it existed before section 158.001 was amended in 1989. *See id.* at 469; *cf.* Act of May 22, 1989, 71st Leg., R.S., ch. 881, 1989 Tex. Gen. Laws 3879. In 1989 the legislature added to the definition of *employee* in section 158.001(2) the phrase "unless the person is included by a local civil service rule adopted under the procedures outlined in Section 158.009." Act of May 22, 1989, 71st Leg., R.S., ch. 881, § 1, 1989 Tex. Gen. Laws 3879, 3879. In the same statute the legislature amended code section 158.009 to

add "the definition of a county employee" as a category of rules that the commission is authorized to adopt. *Id.* § 2, at 3879.

These 1989 amendments expressly authorize the commission to expand the definition of *employee* to include a person who holds a position by appointment and who does not "hold[] an office the term of which is limited by the constitution of this state," Local Gov't Code § 158.001(2), but who otherwise would not fall within the definition because the person is "authorized by statute to perform governmental functions involving an exercise of discretion in the person's own right," *id.* We conclude that a commission in a county with a basic subchapter A civil service system may adopt a rule defining deputy constables as "employees" covered by the system. Upon adoption of such a rule, deputy constables become "employees" for purposes of subchapter A.

Finally, we must consider whether "the express terms or judicial interpretations of . . . subchapter" A, *id.* § 158.002, exempt deputy constables from the coverage of a basic subchapter A county civil service system. There are no such "express terms" in subchapter A; nor, since the 1989 amendments, has any court so interpreted subchapter A. We therefore conclude that when the commission in a basic subchapter A system adopts a rule defining deputy constables as "employees," the deputy constables become subject to the coverage of the civil service system.

You contend that there is a conflict in section 158.001(2) between the clause "who is not authorized by statute to perform governmental functions involving an exercise of discretion in the person's own right" and the clause "unless the person is included by a local civil service rule adopted under the procedures outlined in Section 158.009." You further contend that the former clause is restrictive and under the rules of statutory construction controls over the latter clause, which you say is broader. We find no conflict between the two clauses, however. The conjunction *unless* as used in section 158.001(2) limits the reach of the former clause to county civil service systems in which there is no "accompanying circumstance or condition that" a civil service rule includes the person in the definition of *employee*. WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 1292 (1989) (defining *unless*). We therefore find no need to resort to rules of construction to harmonize the two clauses.

## S U M M A R Y

A county civil service commission in a county with a basic civil service system created under subchapter A of chapter 158 of the Local Government Code may adopt a rule defining deputy constables as "employees" covered by the system. When the county civil service commission in a basic subchapter A civil service system adopts a rule defining deputy constables as "employees," the deputy constables become subject to the coverage of the civil service system.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General