NUECES COUNTY, Sheriff Larry Olivarez, and Nueces County Sheriff's Department, Appellants,

v.

Johnny L. WHITLEY and William Edge, Appellees.

No. 13–98–084–CV.

Court of Appeals of Texas, Corpus Christi.

July 1, 1999.

Walter D. Bryan, Asst. County Atty., Corpus Christi, for appellant.

Kim Cox, Bradford M. Condit, Corpus Christi, for appellee.

Before Chief Justice SEERDEN and Justices DORSEY and HINOJOSA.

**OPINION**

Opinion by Justice HINOJOSA.

Prior to January 1, 1997, Johnny L. Whitley was the Jail Administrator,[1] and William Edge was the Major of Field Operations [2] for the Nueces County Sheriff's Department. At the time Whitley and Edge applied for and accepted these jobs, both men knew these positions were ex-

---

1. Whitley assumed the position of Jail Administrator in 1994.

2. Edge became the Major of Field Operations on or about September 21, 1993.

cluded from coverage under the Nueces County Civil Service System. When newly-elected Sheriff Larry Olivarez took office on January 1, 1997, Whitley and Edge were not reappointed to their positions, and their employment was terminated. The men sued appellants, Nueces County, Sheriff Larry Olivarez, and Nueces County Sheriff's Department, claiming they had been denied civil service protection. Appellants answered that Whitley and Edge were not entitled to protection because their positions were excluded from civil service coverage.

After a bench trial, the trial court found the positions were properly excluded from civil service coverage. However, the trial court found that Whitley and Edge were entitled to civil service protection and ordered that they be reinstated with the sheriff's department in their last non-exempt positions. Appellants were further ordered to pay appellees' lost wages, attorneys' fees, and interest.

Although appellants agree with the trial court's ruling that the civil service system properly excluded Whitley's and Edge's positions from coverage, they contend, by two points of error, that the trial court erred: (1) in finding the men were protected by civil service and (2) in ordering their reinstatement and awarding damages. Whitley brings one cross-point contending the trial court erred in finding the exclusions were proper. Edge brings two cross-points contending the trial court erred by not ordering that he be reinstated to the position he held when he was terminated and by not awarding damages based on the pay rate for that position. We affirm in part and reverse and render in part.

By his sole cross-point, Whitley contends the trial court erred in finding that the Nueces County Civil Service Commission ("Civil Service Commission") has the authority to exempt the previously-covered position of Jail Administrator from civil service coverage.

The Nueces County Civil Service System was established on October 23, 1991, by order of the Nueces County Commissioners Court and pursuant to Chapter 158, Subchapter A of the Texas Local Government Code. See TEX. LOCAL GOV'T CODE ANN. §§ 158.002, 158.003 (commissioners court of county with population of 200,000 or more may create county civil service system). On May 21, 1992, the Civil Service Commission voted to add all sheriff's department employees to civil service. On July 14, 1992, the Civil Service Commission voted to exclude the Chief Deputy Sheriff and the Jail Administrator from civil service coverage. On February 9, 1993, the Civil Service Commission voted to exclude several other sheriff's department positions, including Major of Field Operations.

Whitley argues that because the local government code does not expressly authorize a county civil service commission to "exclude" positions from coverage, the Civil Service Commission's action in excluding his position was improper. Whitley argues that only Subchapter B of the local government code authorizes the sheriff to exclude certain positions from civil service coverage. Although Whitley is correct concerning Subchapter B exclusions, his argument is flawed. See TEX. LOCAL GOV'T CODE ANN. § 158.038 (Vernon Supp.1999) (providing that when there is a sheriff's department civil service system, sheriff may exclude as many as twenty-five positions depending on county population).

Subchapter B permits sheriff's departments in counties having a population of 500,000 or more to create their own civil service systems. TEX. LOCAL GOV'T CODE ANN. § 158.032 (Vernon Supp.1999). For purposes of Subchapter B, the term "employee" means an employee of the sheriff's department and includes deputy sheriffs. TEX. LOCAL GOV'T CODE ANN. § 158.031(3) (Vernon 1988). The commission of a sheriff's department civil service system has the power to adopt, publish, and enforce rules regarding:

(1) the selection and classification of employees;

(2) competitive examinations;

(3) promotion, seniority, and tenure;

(4) layoffs and dismissals;

(5) disciplinary actions;

(6) grievance procedures;

(7) the rights of employees during an internal investigation; and

(8) other matters relating to the selection of employees and the procedural and substantive rights, advancement, benefits, and working conditions of employees.

TEX. LOCAL GOV'T CODE ANN. § 158.035(a) (Vernon Supp.1999).

Subchapter A, which authorizes the creation of a county civil service system, defines "employee" as:

a person who obtains a position by appointment and who is not authorized by statute to perform governmental functions involving an exercise of discretion in the person's own right, unless the person is included by a local civil service rule adopted under the procedures outlined in Section 158.009; .... The term does not include a person who holds an office the term of which is limited by the constitution of this state.

TEX. LOCAL GOV'T CODE ANN. § 158.001(2) (Vernon Supp.1999). With two exceptions, the powers of a county civil service commission are identical to those of a sheriff's department civil service commission. *See* TEX. LOCAL GOV'T CODE ANN. § 158.009(a) (Vernon Supp.1999). A county commission does not have authority concerning the rights of employees during an internal investigation. *See* §§ 158.009(a), 158.035(a)(7). A sheriff's department commission does not have the power to define who is an "employee" entitled to the civil service system's protection; while a county commission does have such power. *See* §§ 158.009(a)(1), 158.035(a).

Who is an included employee under each subchapter is very different. By definition, under Subchapter B all sheriff's department employees, including deputy sheriffs, are covered by the sheriff's department civil service system. Under this subchapter, the legislature expressly per-

mitted the sheriff to exclude some sheriff's department employees from coverage, or no employee would be exempt. Section 158.038 is the legislature's express authorization for a sheriff operating under such a civil service system to exclude certain employees from coverage.

■ Conversely, in a county civil service system, only employees performing nondiscretionary governmental functions are absolutely afforded coverage. § 158.001(2). Because deputy sheriffs primarily exercise discretion in performing their duties, they are not automatically included within a county civil service system. To be included, the county civil service commission must include deputy sheriffs in the definition of employees entitled to coverage. § 158.009(a)(1). In other words, the legislature specifically excluded deputy sheriffs from county civil service coverage, but granted the county civil service commission the authority to provide them coverage if it chose to do so. Because nothing in Subchapter A can be interpreted to prevent a county civil service commission from amending who it defines as a covered employee, we hold the trial court correctly found that the Nueces County Civil Service Commission had the authority to exclude the following positions in the Nueces County Sheriff's Department from civil service coverage: (1) Jail Administrator and (2) Major of Field Operations. Whitley's sole cross-point is overruled.

By their first point of error, appellants contend the trial court erred in finding Whitley and Edge, although exempt employees, were protected by the civil service commission. We agree.

■ After reviewing the civil service statutes, we conclude the trial court had no legal authority for its ruling. Although a permanent employee is entitled to the full benefits of civil service, *see* TEX. LOCAL GOV'T CODE ANN. § 158.010(c) (Vernon Supp.1999), no statutory provision in Subchapter A can be interpreted to continue protection for a person who elects to move

from a nonexempt to an exempt position. To rule that exempt employees are entitled to civil service protection would abrogate the purpose of a civil service system and, as in this case, the power of the Civil Service Commission to define who is a covered employee. While Whitley and Edge were at one point employees for the purpose of civil service protection, they elected to give up that protection by assuming positions exempt *at the time* of their promotions.[3] We sustain appellants' first point of error.

In light of our disposition, it is not necessary to address appellants' remaining point of error and Edge's cross-points. TEX.R.APP. P. 47.1.

We affirm the trial court's judgment that the Nueces County Civil Service Commission had the authority to exclude positions from civil service coverage. We reverse the trial court's judgment that Whitley and Edge are entitled to civil service protection and render judgment that Whitley and Edge take nothing by this suit.

---

**3.** We also question, without deciding, whether Whitley and Edge exhausted their administrative remedies before the Commission. Although both men maintain they are entitled to civil service protection, they do not appear to have filed grievances with the Commission prior to filing this lawsuit.