NUMBER 13-00-344-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


MARIA SEARS AND THOMAS PRIESTLY , Appellants,


v.


NUECES COUNTY SHERIFF LARRY OLIVAREZ, ET AL., Appellees.

___________________________________________________________________


On appeal from the 214th District Court

of Nueces County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Kennedy (1)

Opinion by Justice Kennedy


Suit was filed by appellants based upon an alleged wrongful termination of their employment with defendants. Damages
sought were for lost wages, statutory damages, pre and post-judgment interest, and attorney's fees. Appellants (hereinafter
"plaintiffs") are former employees of the Nueces County Sheriff's Department. They maintain first that they were
wrongfully terminated because they were civil service employees and second that appellees ("defendants") failed to follow
the statutory rule of the Nueces County Civil Service Commission. Plaintiffs were terminated on January 1, 1997 by
Sheriff Larry Olivarez, who had just taken office.

Each side filed a motion for summary judgment, defendants claiming, inter alia, that plaintiffs have no cause of action
because they were not employees protected by civil service. Defendants' motion was granted and plaintiffs' motion was
denied. Defendants cite chapter 158.001 of the Government Code which defines "employee" as "a person who is not
authorized by statute to perform governmental functions involving an exercise of discretion in the person's own right."

Plaintiffs' single issue alleges error in the trial court having granted defendants' summary judgment motion. Their argument
is prefaced by the statement "[defendants] exceeded their statutory authority in arbitrarily excluding [plaintiffs] from
coverage of the civil service statutes."

It is undisputed that plaintiff Maria Sears, when she was terminated, held the rank of Major assigned to administration and
plaintiff Thomas Priestly, when terminated, held the rank of Major who supervised the jail farm. In their brief plaintiffs
state that they were civil service employees as statutorily defined by local government code 158.001(2). This part of the
code defines an employee as:

"Employee" means a person who obtains a position by appointment and who is not authorized by statute to perform
governmental functions involving an exercise of discretion in the person's own right, unless the person is included by a
local civil service rule adopted under the procedures outlined in Section 158.009 . . .



Tex. Local Gov't Code Ann. § 158.001(2)(Vernon 1999).

The court below had the benefit of an affidavit executed by the Chief Deputy for the Nueces County Sheriff's Department
attesting to copies of two Nueces County Personnel Action Requests, one for each plaintiff herein, in which each plaintiff
acknowledges that he or she is excluded from civil service. The court also had the benefit of job descriptions for both
plaintiffs which we hold included many "duties and responsibilities" which required an "exercise of discretion in the
person's own right" (2)as that term is used in section 158.001(2) of the code, previously referred to.

The definition of an employee from the Civil Service Act excludes one who is authorized by statute to perform in his own
right governmental functions involving some exercise of this section. Green v. Stewart, 516 S.W.2d 133, 136 (Tex. 1974).
This court has held that deputy sheriffs primarily exercise discretion in performing their duties. Edge v. Nueces County,
997 S.W.2d 757, 759 (Tex. App.-Corpus Christi 1999, pet. denied). We hold that plaintiffs were not included in coverage
in the Nueces County Civil Service System by virtue of section 158.001(2).

Plaintiffs argue additionally that they are civil service employees, based upon the action taken by the Nueces County Civil
Service Commission on May 21, 1992, which provides (in pertinent part):

Whereas, this board believes said deputy sheriffs and deputy constables should be included under civil service ... 

Sheriff's Department


All deputies, including the chief deputy, all jail employees, and I.D. employees, all clerical employees are included. Each
and every employee under the jurisdiction of the sheriff, except the elected position of sheriff, are included.



Plaintiffs then refer to the later action of the Civil Service Commission on July 14, 1992 and on February 9, 1993 in which,
respectively, the commission excluded the two top staff positions under the sheriff and ten positions in the Sheriff's
Department, all of which, plaintiffs assert, was done without citing any specific statutory authority. We disagree with
plaintiffs' argument that the Nueces County Civil Service Commission was without authority to make these changes. 
Section 158.009(a)(2) states:

Except as provided by Section 158.010, the commission shall adopt, publish, and enforce rules regarding:

 (1) The definition of a county employee;

 (2) the selection and classification of county employees;

* * * *



 (8) other matters relating to the selection of county employees and the procedural and substantive rights, advancement,
benefits, and working conditions of county employees.



Tex. Local Gov't Code Ann. §158.009(a)(2)(Vernon 1999). See also Edge, 997 S.W.2d at 759.

We deny the relief sought in appellants' (plaintiffs') single issue and AFFIRM the judgment of the trial court.

 

NOAH KENNEDY

Justice



Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 3rd day of January, 2002.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Plaintiff Sear's job description covers more than four pages. Over two and one half pages contain twenty-four
paragraphs, each of which begins with words such as "determines", "reviews", "establishes", "formulates", "drafts",
"recommends", and "directs." Plaintiff Priestly's job description is similar.