NUMBER 13-00-344-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG



MARIA SEARS AND THOMAS PRIESTLY, Appellant, 

v.


NUECES COUNTY SHERRIFF 

LARRY OLIVAREZ, ET AL. Appellee.




On appeal from the 214th District Court

of Nueces County, Texas.







MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa and Garza

 Opinion by Chief Justice Valdez

 


 Appellants, Maria Sears and Thomas Priestly, filed suit against Nueces County and the Nueces County Sheriff, appellees, 
for lost wages, statutory damages, pre and post-judgment interest, and attorney's fees. Appellants are former employees of
the Nueces County Sheriff's Department who maintain that they were wrongfully terminated because they were civil service
employees and appellees failed to follow the statutory rules governing the Nueces County Civil Service Commission. 
Appellants were terminated on January 1, 1997 by Sheriff Larry Olivarez, who had just taken office.

 In the trial court, both appellants and appellees filed motions for summary judgment. Appellees' motion was based on the
argument, inter alia, that appellants have no cause of action because they are not employees protected by the rules
applicable to county civil service employees. See Tex. Loc. Gov't Code Ann. § 158.001 -§ 158.040 (Vernon 1999 & Supp.
2003). The trial court granted appellees' motion for summary judgment and denied appellants' motion. This appeal ensued. 
We affirm the judgment below.

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. Tex. R. App. P.
47.4. 

 Appellants' single issue alleges that the trial court committed error in granting appellees' motion for summary judgment. 
Their argument is prefaced by the statement that appellees"exceeded their statutory authority in arbitrarily excluding [Sears
and Priestly] from coverage of the civil service statutes."

 When terminated, Sears held the rank of Major assigned to administration and Priestly held the rank of Major supervising
the jail farm. In their brief, appellants argue that they were civil service employees as statutorily defined by local
government code section 158.001(2). See Tex. Loc. Gov't Code Ann. § 158.001(2) (Vernon 1999). This part of the code
defines an employee as:

 a person who obtains a position by appointment and who is not authorized by statute to perform governmental functions
involving an exercise of discretion in the person's own right, unless the person is included by a local civil service rule
adopted under the procedures outlined in Section 158.009; or a person included in the coverage of a county civil service
system as the result of an election held under Section 158.007 . . .



Id.

 The definition of an employee from the Civil Service Act excludes one who (a) performs governmental functions; (b) in
his own right; (c) involving some exercise of discretion. Green v. Stewart, 516 S.W.2d 133, 136 (Tex. 1974); see
Arrington v. County of Dallas, 792 S.W.2d 468, 471 (Tex. App.-Dallas 1990, writ denied) (deputy constables perform
governmental functions in their own right involving some exercise of discretion). This court has previously held that
deputy sheriffs "primarily exercise discretion in performing their duties." Nueces County v. Whitley, 997 S.W.2d 757, 759
(Tex. App.-Corpus Christi 1999, pet. denied).

 The summary judgment evidence in the instant case included an affidavit executed by the Chief Deputy for the Nueces
County Sheriff's Department attesting to copies of two Nueces County Personnel Action Requests, one for each appellant
herein, in which each appellant acknowledged that he or she was excluded from civil service. The summary judgment
evidence also included job descriptions for both appellants. According to Sears's job description, a deputy in her position
"determines," "reviews," "establishes," "formulates," "drafts," "recommends," and "directs." Priestly's job description is
similar. Based on the summary judgment evidence, we conclude that appellants are excluded from civil service as
employees who perform governmental functions in their own right involving some exercise of discretion. Green, 516
S.W.2d at 136; Whitley, 997 S.W.2d at 759. 

 Appellants further argue that they are civil service employees based upon various actions taken by the Nueces County Civil
Service Commission. First, on May 21, 1992, the commission stated that (in pertinent part):

 Whereas, this board believes said deputy sheriffs and deputy constables should be included under civil service . . 



 All deputies, including the chief deputy, all jail employees, and I.D. employees, all clerical employees are included. Each
and every employee under the jurisdiction of the sheriff, except the elected position of sheriff, are included.



Appellants then refer to the later actions of the commission on July 14, 1992 and on February 9, 1993 in which,
respectively, the commission excluded the two top staff positions under the sheriff and ten positions in the Sheriff's
Department from civil service. Appellants argue that the commission lacked authority to exclude these employees from
civil service. 

 We disagree with appellants' argument that the Nueces County Civil Service Commission was without authority to
exclude the specified positions from civil service. Section 158.009(a)(2) of the local government code states:

 Except as provided by Section 158.010, the commission shall adopt, publish, and enforce rules regarding:



 (1) the definition of a county employee;



 (2) selection and classification of county employees;



* * * 


 (8) other matters relating to the selection of county employees and the procedural and substantive rights, advancement,
benefits, and working conditions of county employees.



Tex. Loc. Gov't Code Ann. §158.009(a)(2)(Vernon 1999); see also Whitley, 997 S.W.2d at 759. The local government
code clearly gives the commission the authority to amend who it defines as a covered employee. See Whitley, 997 S.W.2d
at 759. We deny the relief sought in appellants' single issue and affirm the judgment of the trial court.

 

 Rogelio Valdez,

 Chief Justice



 

Opinion delivered and filed

this 25th day of September, 2003.