IN THE SUPREME COURT OF TEXAS









IN THE SUPREME COURT OF TEXAS

 

════════════

No. 04-0247

════════════

 

The County of Dallas, Petitioner

 

v.

 

Linda L. Wiland, as
Administrator for the Estate of Stanley Gaines, Jim Gilliand, and Sonia Avina,
Respondents

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the Fifth District of Texas

════════════════════════════════════════════════════

 

 

Argued March 22,
2005

 

 

 

Justice Brister, joined by Chief
Justice Jefferson, Justice
O’Neill, and Justice Medina,
concurring in part and dissenting in part.

 

Even
governments should be careful what they ask for. After a Dallas district court
held that Dallas County deputy constables were at-will employees, Dallas legislators obtained passage of a state law and Dallas County officials adopted a
new code extending civil-service protection to them. But when three deputies
were discharged in 2001, the County insisted they were still at-will employees,
despite all its efforts to the contrary. 

Dallas County should be held to its word. If the County wants deputy constables to be
terminable-at-will, it must say so, as it did by amending its civil service
code to drop them again in 2003.[1] But we cannot amend that code as it
stood in 2001, and should not allow the County to pretend that changing the
code one way and then back again meant nothing in the interim. 

Because
the deputies sought and obtained damages far beyond their wages, I agree we
must remand for a new trial. But it should be only on that issue; I disagree
that the County should have a second chance to deny them everything. To the
extent the Court does so, I respectfully dissent.

I.
Background

The
Court begins by noting the general rule that employment in Texas is at-will.
But it passes lightly over Dallas County’s extensive efforts to ensure this was
not the rule for its deputy constables.

Historically,
civil service systems in Texas did not apply to employees who performed
governmental functions in their own right.[2] For
precisely that reason, Dallas trial and appellate courts dismissed a civil
service claim in the late 1980s by a Dallas County deputy constable, Floyd
Arrington.[3]

In
response to that case, Dallas legislators introduced a bill whose express
purpose was to grant civil service protection to deputy constables.[4]
 Dallas County officials appeared at committee hearings to support the bill.[5]
The bill passed, and became effective September 1, 1989.[6] Dallas
County Commissioners then amended their civil-service system to add deputy
constables C the only
employees specifically named by ordinance as protected employees.[7]


In
November 2000, Mike Dupree was elected Dallas County Constable, Precinct 6,
defeating the incumbent constable in the Democratic primary and a Republican challenger
in the general election. Before he took office, the constable-elect sent
letters to deputy constables Stanley Gaines, James Gilliand, and Sonia Avina
informing them they would not be reappointed in January. When they were denied
a civil service hearing on this discharge, they filed suit.

II.
Property Interest

The
primary dispute between the parties is whether the deputies had a property
interest in continued employment. I agree with the Court that they do. But I do
not find it a “close question.”[8]

Public
employees have a property interest in continued employment if the government
has agreed to fire them only “for cause.”[9] That question turns on
an analysis of the County’s civil service rules.[10] 

In
the Manual containing those rules, the chapter entitled “Dismissals” has six
sections: five relate solely to procedures, and the sixth (§ 4.21) states that
employees may be dismissed “for just cause.” The Manual mentions no other kind
of dismissal. Of the eight grounds for termination listed in § 4.21, seven
constitute just cause, and the eighth (a general catch-all provision) must be
construed consistently with the preceding seven.[11] If (as
the County argues) employees can be fired at will, we must add something that
is not in the code, and render superfluous an entire section that is.[12]

While
the Manual does not say employees can be dismissed only for cause, the
context here does not allow us to presume otherwise. The general rule in a
civil service system is not that employment is at-will, but that it is whatever
the system’s rules say.[13] The County admitted as much.[14] Thus, the presumption is not that
employees can be fired at will, but that they can be fired for whatever reasons
the rules state. The rules here list no ground for dismissal other than for
just cause. 

The
disclaimer printed in the front of the Manual does not change this result.
First, nothing shows the County ever adopted this disclaimer; it is the only
part of the Manual in our record without an order number and date showing when
it was adopted. This is not a matter of authenticity, but of validity. Further,
the disclaimer states only that employees have no contract rights; but
employees with no contract rights can still have a property interest protected
by due process.[15]

Nor
are the deputies’ claims barred by the four-year term accorded constables in
the Texas Constitution.[16] Due-process jurisprudence makes no
distinction between nonrenewal and termination C
employees may have a property interest in continued employment in either case.[17] As one of the primary purposes of
civil service is to prevent wholesale dismissals after every election, implying
a term limit would frustrate that very purpose. 

Nothing
in the Constitution or state law required Dallas County to grant civil service
protection to deputy constables. But once the County did C and there is no question
about that C the
County could not impose term limits or termination grounds that were not listed
in its civil service rules.

III.
Damages

Section
1983 creates “a species of tort liability” in which “the level of damages is
ordinarily determined according to principles derived from the common law of
torts.”[18] I concede the common law of torts
probably would not allow all the damages the jury awarded here. Dallas County never guaranteed that deputies could work extra jobs,[19] so
they had no property interest in off-duty income that the County should repay.
Further, the court of appeals’ review of mental anguish damages did not address
many of the factors both state and federal courts normally consider.[20]

But
the deputies proved they were fired without just cause and thus are entitled to
lost wages for both substantive and procedural due process violations. To
invalidate their wage claims, the County must eliminate both grounds. The Court
assists the County by eliminating the substantive due process claim on a ground
the County never raised before trial, and giving the County a second chance to
eliminate the procedural due process claim on a ground that was never raised at
all.

A.
Substantive Due Process

The
Court concludes that public employees have no substantive due-process rights.
But the County failed to preserve such an argument in the trial court.

Whether
the County violated section 1983 was decided on cross-motions for summary
judgment. If the County wanted to defend on the ground that public employees
have no substantive due-process rights, that should have been included in its
motion.[21] It was not. Instead, the County
defended this case on the sole ground that the deputies’ terms ended with the
outgoing constable. Having lost on that issue, the Court is wrong to allow the
County to win on a different ground.

The
argument that public employees have no substantive due-process rights first
surfaced in the County’s second supplemental motion for new trial C after the summary
judgment, after a jury trial on damages, and two months after the final
judgment. The deputies objected to the late addition of this argument, the
trial court struck it, and the County does not assert error as to that ruling.
Accordingly, we cannot possibly reverse on this ground.

Moreover,
while several federal circuits have denied substantive due-process rights for
public employees,[22] the Fifth Circuit has repeatedly held
to the contrary,[23] and the Supreme Court has yet to say
one way or the other.[24] If today’s conclusion is wrong — if
the Supreme Court ultimately holds that public employees have substantive due
process rights — then the deputies may be deprived of constitutional rights not
just by the County but by this Court’s haste to decide an issue that was not
preserved.

B.
Procedural Due Process

The
Court says the deputies were deprived of only a hearing, not their jobs. But
the record here is unequivocal that they were deprived of both. 

The
Court recognizes that deputies could be discharged only for cause. There is no
evidence in this record that they were. Indeed, it is hard to see how that
could be possible, as they were discharged by a constable-elect who had not yet
taken office. Nor was this a matter of budgetary constraints, as several new
deputies were appointed to take their places. On this record, had the deputies
gotten a hearing six years ago, the County would have been required to
reinstate them. By depriving the deputies of a hearing, the County deprived
them of their jobs too.

The
Court concedes the deputies were entitled to lost wages if they could prove
there was no just cause for their dismissal. But the Court says they did not
prove that, despite the County’s response to the following request for
admission:

 

Request No. 6:
Admit or deny that you had no “just cause” in dismissing Plaintiffs from their employment
as deputy constables as that term is used in the Dallas County Administration
Policy and Procedure Manual.

 

Response:
Defendant admits that the decision not to swear in Plaintiffs was not based on
“just cause”.

 

The
Court reads this response to say: “The existence of just cause has never been
established.”[25] That, of course, is not what it
says. The County does not even assert such a meaning — the Court’s
reading is created from whole cloth without any support in the County’s
extensive briefs. Moreover, this reading assumes the County gave an answer
specifically prohibited by Rule 198.2: “An assertion that the request presents
an issue for trial is not a proper response.”[26]

Under
the Texas Rules of Civil Procedure, a party must “specifically admit or deny” a
request for admission, and its response “must fairly meet the substance of the
request.”[27] The substance of the Plaintiffs’
request was not whether the County’s decision was based on just cause,
but whether the County had any just cause C
even if its decision was based on something else. By assuming the County was
“careful” to hide its actual defense by rephrasing the question, the Court
encourages precisely the kind of gamesmanship the rules of procedure prohibit.[28]

If
the County wanted to defend on the theory that the deputies would have been
fired anyway (for some unspecified just cause), that ground should have been
disclosed in discovery and included in its motion for summary judgment. Because
it was not, the County should not get a second chance to prove a defense it
never asserted. 

As
the County conceded and the record discloses these employees would have kept
their jobs had they received a proper hearing, they are entitled to wages lost
as a result.

IV.
Conclusion

Dallas County did not have to guarantee its deputy constables continued employment. It did
not have to react to Floyd Arrington’s case by giving deputies civil service
protection, or react to the $2 million judgment here by revoking it. But there
is no question that it did, and that these deputies had civil service
protection when they were terminated without just cause in 2001. 

Dallas County could have changed its civil service system before terminating these
deputies; or it could have proved they were terminated for just cause; or
barring that, the County could have reinstated the deputies before large
damages accrued.[29] The County did none of these, and so
ought to be held accountable. I respectfully dissent to the Court’s judgment
granting it a second chance to escape liability.

 

 

_____________________________

Scott Brister,

Justice

 

OPINION DELIVERED:
February 16, 2007      


















[1] See Order Amending Policy Manual, Order No.
2003-1467 (Dallas County Comm’rs Ct. Aug. 19, 2003) (reclassifying deputy
constables as “Category A” employees not covered by civil service rules).





[2] See Act of May 19, 1971, 62nd Leg., R.S., ch.
262, § 1, 1971 Tex. Gen. Laws 1151 (current version at Tex. Loc. Gov’t Code § 158.001(2)); Green v. Stewart, 516
S.W.2d 133, 135‑36 (Tex. 1974) (holding tax assessor-collector was not
covered by civil service, but his deputies were, as only the former acted in
his own right).





[3] Arrington v. County of Dallas, 792 S.W.2d 468,
471 (Tex. App.–Dallas 1990, writ denied).





[4] Hearings on S.B. 1006 Before the House County Affairs
Comm’n, 71st Leg., R.S. (May 9, 1989) (statement of Rep. Steve Wolens) (“So
simply what this bill does is it makes the deputy constables subject to the
civil service act, and in doing so it takes care of two things. Number one, it
protects deputy constables from being fired for political reasons, and secondly
it will benefit the county as it delineates when a deputy constable can be
fired and what those proper procedures are for firing a deputy constable.”)
(tape available from House Audio/Video Services); Hearings on S.B. 1006 Before
the Senate Intergovernmental Relations Comm’n, 71st Leg., R.S. (Apr. 4, 1989)
(statement of Sen. Eddie Bernice Johnson) (“This legislation simply provides
for deputy constables to come into the civil service of the county civil
service program.”) (transcript available from Senate Staff Services); see
also Op. Tex. Att’y Gen. No. 97-016 (1997) (noting that section 158.009 was
amended “for the express purpose of allowing counties to include deputy
constables within their civil service systems”).





[5] Hearings on S.B. 1006 Before the House County Affairs Comm’n, 71st Leg., R.S. (May 9, 1989); Hearings on S.B. 1006 Before the
Senate Intergovernmental Relations Comm’n, 71st Leg., R.S. (Apr. 4, 1989).





[6] Act of June 14, 1989, 71st Leg., R.S., ch. 881§ 3,
1989 Tex. Gen. Laws 3879, eff. Sept. 1, 1989 (current version at Tex. Loc. Gov’t Code §§ 158.001(2),
158.009).





[7] See Order Amending Policy Manual, Order No.
90-1567 (Dallas County Comm’rs Ct. Sep. 18, 1990) (adding to definition of
covered employees “The term includes deputy constables.”); Dallas County Admin. Policies & Procedures Manual
§§ A 1.03, 2.00‑2.01 (Aug. 2000) (hereinafter Manual) (current version at Dallas
County Code § 86-1).





[8] County of Dallas v. Wiland, __
S.W.3d. __, __.





[9] Gilbert v. Homar, 520 U.S. 924, 928-29 (1997); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538-39 (1985); City
of Odessa v. Barton, 967 S.W.2d 834, 835 (Tex. 1998); Bexar County Sheriff’s
Civil Serv. Comm’n v. Davis, 802 S.W.2d 659, 661 n.2 (Tex. 1990). 





[10] See Bishop v. Wood, 426 U.S. 341, 344-45 (1976) (“A property interest in employment can, of course, be created by ordinance
. . . . Whether such a guarantee has been given can be determined only by an
examination of the particular statute or ordinance in question.”).





[11] Hilco Elec. Coop. v. Midlothian Butane Gas Co.,
111 S.W.3d 75, 81 (Tex. 2003) (“[T]he rule of ejusdem generis . . .
provides that when words of a general nature are used in connection with the
designation of particular objects or classes of persons or things, the meaning
of the general words will be restricted to the particular designation.”).





[12] Cf. City of San Antonio v. City of Boerne, 111
S.W.3d 22, 29 (Tex. 2003) (“It is an elementary rule of construction that, when
possible to do so, effect must be given to every sentence, clause, and word of
a statute so that no part thereof be rendered superfluous.”).





[13] See Tex.
Loc. Gov’t Code § 158.009(5); Grounds v. Tolar Indep. Sch. Dist.,
856 S.W.2d 417, 420 (Tex. 1993) (holding that statute requiring preestablished
reasons for termination of teacher’s contract limited termination to those
reasons), superceded by statute as stated in Stratton v. Austin Indep. Sch.
Dist., 8 S.W.3d 26, 29 (Tex. App.–Austin 1999, no pet.).





[14] The County’s Response to Request for Admission No. 4
stated: “Defendant admits ‘dismissal’ of employees by Dallas County Civil
Service in December 2000 could only be according to the Administration Policy
and Procedures Manual.”





[15] See Grounds, 856 S.W.2d at 420 n.2 (“This
property interest exists despite the fact that a teacher has no contractual
right to reemployment.”) (citing Perry v. Sindermann, 408 U.S. 595, 601 (1972)).





[16] Tex. Const.
art. V, § 18(a).





[17] See, e.g., Harrah Indep. Sch. Dist.
v. Martin, 440 U.S. 194, 195 (1979); Perry v. Sindermann, 408 U.S. 593, 595 (1972); Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972).





[18] Memphis Cmty. Sch. Dist. v. Stachura,
477 U.S. 299, 305-06 (1986) (quoting Carey v. Piphus, 435 U.S. 247, 257-58 (1978)).





[19] See Tex.
Loc. Gov’t Code § 158.009(a)(8)
(allowing county civil service systems to prescribe “working conditions of
county employees.”); Manual, §§
C(8.06‑8.09); Ord. No. 2003‑1373, 8‑5‑2003) (requiring
supervisory approval for such work, and prohibiting after‑hours work
“that conflicts with the county’s interest or public image or that adversely
affects his availability and usefulness as an employee to the county”).
Although employees could file a grievance if a supervisor’s approval was
“unreasonably withheld,” these provisions leave too much discretion to
constitute a property interest. See Castle Rock, 545 U.S. 748, 756 (“[A] benefit is not a protected entitlement if government officials may
grant or deny it in their discretion.”).





[20] See Brady v. Fort Bend County, 145 F.3d 691,
718-19 (5th Cir. 1998); Price v. City of Charlotte, 93 F.3d 1241, 1254
(4th Cir. 1996); Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 54 (Tex. 1997); Parkway Co. v. Woodruff, 901 S.W.2d 434, 444-45 (Tex. 1995).





[21] Tex. R. Civ. P.
166a(c) (“Issues not expressly presented to the trial court by written motion,
answer or other response shall not be considered on appeal as grounds for
reversal.”). 





[22] See, e.g., N. Am. Fed’n of
Gov’t Employees v. U.S., 330 F.3d 513, 523 (D.C. Cir. 2003); Singleton
v. Cecil, 176 F.3d 419, 420 (8th Cir. 1999); McKinney v. Pate, 20
F.3d 1550, 1560 (11th Cir. 1994) (en banc); Sutton v. Cleveland Bd. of Educ.,
958 F.2d 1339, 1350‑51 (6th Cir. 1992); Newman v. Massachusetts,
884 F.2d 19, 25 (1st Cir. 1985). 





[23] See, e.g., Finch v. Fort Bend Indep. Sch. Dist., 333 F.3d 555, 562-63 (5th Cir. 2003); Texas v. Walker, 142 F.3d 813, 818 (5th Cir. 1998); Harrington v. Harris, 118 F.3d 359,
368 (5th Cir. 1997); Moulton v. City of Beaumont, 991 F.2d 227, 239 (5th
Cir. 1993); Schaper v. City of Huntsville, 813 F.2d 709, 717 (5th Cir.
1987).





[24] See, e.g., Regents of the Univ. of
Mich. v. Ewing, 474 U.S. 214, 229 (1985) (Powell, J., concurring); Harrah
Indep. Sch. Dist. v. Martin, 440 U.S. 194, 198-99 (1979) (rejecting
substantive due-process claim because nonrenewal of tenured teacher’s contract was
not arbitrary).





[25] ___ S.W.3d at ___; see also Brewer v. Chauvin,
938 F.2d 860, 864 (8th Cir. 1991) (holding that § 1983 award should “include a
full award of back pay only when there is a finding that the discharge would
not have occurred if the employee’s procedural due process rights had been
observed”).





[26] Tex. R. Civ. P.
198.2(b).





[27] Id. 





[28] Tex. R. Civ. P.
193.1 (“When responding to written discovery, a party must make a complete
response, based on all information reasonably available to the responding party
or its attorney at the time the response is made.”).





[29] See Brady v. Fort Bend County, 145 F.3d 691,
702 (5th Cir. 1998) (noting that county could have avoided liability for
sheriff’s unconstitutional termination of deputies by adopting a civil service
system).