

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 29, 2012

The Honorable Jeff Wentworth
Chair, Select Committee on Open Government
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0940

Re: Authority of a constable with regard to payment of outstanding warrants issued by a justice court (RQ-1024-GA)

Dear Senator Wentworth:

You ask four questions related to a constable's authority to exercise discretion with regard to the execution of warrants.[1] You first ask whether a constable has the "authority within existing law to offer payment arrangements to, or accept partial payment from, defendants with outstanding warrants issued by a justice court[.]" Request Letter at 1. A constable is limited to those powers expressly conferred by or necessarily implied from the constitution and statutes. Tex. Att'y Gen. Op. No. GA-0656 (2008) at 1. The Legislature has expressly authorized constables to make collections on behalf of the county in various circumstances. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. art. 103.003(a) (West Supp. 2011); *see also* TEX. LOC. GOV'T CODE ANN. § 86.023 (West 2008) (explaining constable's collection liability); *but see* Tex. Att'y Gen. LO-96-031, at 2 (concluding that a constable is not authorized to collect restitution for a bad check). Furthermore, the Legislature has authorized *the courts* to waive fees for defendants in certain circumstances. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. art. 45.0491 (West Supp. 2011) (authorizing the waiver of fees for indigent defendants). However, we find no express authority giving *a constable* discretion to waive fees, negotiate payment plans, or accept partial payment from a defendant. When a constable executes a warrant, he or she is carrying out an order of the court. "As an officer of the court, [constables] do not have the authority to define objectives in the execution" of the court's orders. *Merritt v. Harris Cnty.*, 775 S.W.2d 17, 24 (Tex. App.—Houston [14th Dist.] 1989, writ denied). Thus, absent express authority to do so, we conclude that existing law does not allow a constable to offer payment arrangements to, or accept partial payment from, defendants with outstanding warrants issued by a justice court.

Your second question asks whether a constable has "authority within existing law to accept in-person payments (partial or in their entirety) for one offense while not arresting the defendant on

---

[1]*See* Letter from Honorable Jeff Wentworth, Chair, Senate Select Comm. on Open Gov't, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 8, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

other outstanding warrants issued by a justice court[.]" Request Letter at 1. Relatedly, your third question asks:

> Does a constable have authority within existing law to establish a policy for his/her administration that effectively or intentionally reduces the emphasis on the execution of warrants issued by a justice court for any period of time (i.e., if the administration has met its budget requirements for the current year and makes a policy decision to reduce emphasis on warrants and puts off the execution of outstanding warrants to another budget year)?

Request Letter at 1. Because these questions both address whether and to what extent a constable has discretion with regard to the timing of execution of warrants, we answer them together.

Local Government Code section 86.021 lists a constable's general powers and duties. TEX. LOC. GOV'T CODE ANN. § 86.021 (West Supp. 2011). The plain language of subsection 86.021(a) is clear: "[a] constable *shall* execute and return as provided by law each process, warrant, and precept that is directed to the constable." *Id.* § 86.021(a) (emphasis added). The Legislature's use of the word shall "imposes a duty" on the part of constables, and constables may not refuse to fulfill their statutory duties. TEX. GOV'T CODE ANN. § 311.016(2) (West 2005). Furthermore, "[i]f a constable fails or refuses to execute and return according to law a process, warrant, or precept that is lawfully directed and delivered to the constable, the constable shall be fined for contempt . . . ." TEX. LOC. GOV'T CODE ANN. § 86.024(a) (West 2008). However, section 86.021 does not establish a clear deadline within which a constable must execute a warrant. Courts and this office have recognized that constables have some discretion when they fulfill their duty to carry out the courts' orders. *See Rhode v. Denson*, 776 F.2d 107, 109 (5th Cir. 1985) (recognizing that constables possess a "limited range of choice" in executing warrants); *Arrington v. Cnty. of Dallas*, 792 S.W.2d 468, 471 (Tex. App.—Dallas 1990, writ denied) ("A high degree of discretion is necessary. . . in fulfilling duties for service of process."); Tex. Att'y Gen. Op. No. GA-0560 (2007) at 3 ("Even in serving process a constable may exercise some discretion."). A constable with multiple outstanding warrants to execute at a given time will necessarily have to exercise judgment and prioritize when determining which warrants to execute first. A decision to temporarily delay executing a warrant may or may not violate the constable's duty under section 86.021, depending on facts specific to that decision. However, given the risk of being held in contempt of court for failure to execute a warrant, a constable should execute an outstanding warrant in as timely a manner as possible.

Your final question asks:

> Does a constable or his/her administration have authority within existing law to direct that some defendants with outstanding warrants issued by a justice court be placed in Tiburon or any other inter-agency law enforcement reporting systems, while others were not

(effectively limiting the ability of other areas of law enforcement to
have knowledge of some outstanding warrants)?

Request Letter at 2.  Your request letter does not direct us to any authority specifically addressing a constable's duty to report—electronically or otherwise—outstanding warrants.  However, we note that chapter 60 of the Code of Criminal Procedure establishes a criminal history record system, which is maintained by the Department of Public Safety and must include specific information about certain offenders. TEX. CODE CRIM. PROC. ANN. arts. 60.02(b), .051(a) (West 2006 & Supp. 2011). The Legislature requires that an "arresting agency . . . initiate the reporting process for each offender charged with a felony or a misdemeanor not punishable by fine only," and it specifies what information must be included for each offender. *Id.* arts. 60.08(b), .051 (West Supp. 2011); *see also* 37 TEX. ADMIN. CODE § 27.101(c) (2012) (Tex. Dep't of Pub. Safety, Computerized Criminal History Sys.) (requiring that local law enforcement agencies "must report . . . the information required by Texas Code of Criminal Procedure, Chapter 60").  Whether a constable is required to report a specific offender to the criminal history record system may depend on certain facts, including the nature of the offense.  Constables, as law enforcement officers, have no discretion when fulfilling this duty and must comply with the requirements imposed by Code of Criminal Procedure, chapter 60.  37 TEX. ADMIN. CODE § 27.101(c) (2012) (Tex. Dep't of Pub. Safety, Computerized Criminal History Sys.).

## SUMMARY

Texas law does not allow a constable to offer payment arrangements to, or accept partial payment from, defendants with outstanding warrants issued by a justice court.

A constable's decision to temporarily delay executing a warrant could, depending on the facts involved, violate the constable's duty under Local Government Code section 86.021 to execute and return as provided by law each warrant that is directed to the constable.

Constables must report the information required by Code of Criminal Procedure, chapter 60, to the criminal history record system established under that chapter.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee