**Robert RESENDEZ, Sr., Appellant,**

v.

**Larry SCHWARTZ, et. al., Appellees.**

**No. 08–96–00126–CV.**

Court of Appeals of Texas, El Paso.

Dec. 20, 1996.

H. Keith Myers, Mounce & Galatzan, El Paso, for Appellees.

Robert Resendez, Sr., Pro Se.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

### OPINION ON MOTION

BARAJAS, Chief Justice.

Movant, Robert Resendez, Sr., appealed to this Court from an adverse judgment on his claims against his former attorney and the attorney's firm. On November 22, 1996, Resendez filed a "Motion to Recuse Judges of the Eighth Judicial District and any Judge Within a 200 Mile Radius." [1] In the motion, Resendez requested that each of the four justices of this Court be recused on the following grounds:

> The judges of the court would have personal knowledge of a disputed fact in this case.... Specifically, since more than likely word has spread around the local legal community that one of its own had been sued by a layman ... The judges of the court have personal bias or prejudice against appellant.

> Specifically, anytime appellant has argued his cases, he has felt the bias since he is only a layman. Also, appellant feels that since appellee sat on the local grievance committee this would influence the local judges of the court in their decision (because one of their own can do no wrong).

> The judges of the court have a personal bias or prejudice concerning the subject matter of this suit. Specifically, appellant feels that if any of the local judges sit to hear this case, appellant will be denied his constitutional right of "Due Process."

> The impartiality of the judges of the court may reasonably be questioned because, appellant feels that there would be too much local bias or prejudice against him as a

---

1. Finding no authority giving us jurisdiction to consider the recusal of "every judge within a 200 mile radius," we address only Resendez's request to recuse the justices of this Court.

layman that any local judge would have an "interest in this case."

The procedure for recusal or disqualification of justices of the Courts of Appeals is found in TEX.R.APP.P. 15 (Vernon Pamphlet 1997). Pursuant to Rule 15(c), prior to any further proceeding in the case, each of the four justices of this Court considered Resendez's motion in chambers. TEX.R.APP.P. 15(c)(Vernon Pamphlet 1997). Justice McClure, for reasons other than those stated in Resendez's motion, found that she should disqualify herself. She entered an order of voluntary recusal from the underlying appeal in the minutes of this Court. Chief Justice Barajas and Justices Larsen and Chew found no reason to disqualify or recuse themselves and, pursuant to Rule 15(c), certified the matter to the Court. TEX.R.APP.P. 15(c)(Vernon Pamphlet 1997).

Appellate Rule 15a provides that the grounds for disqualification and recusal of appellate judges are those found in TEX. R.CIV.P.CIV.PROC.ANN 18b. TEX.R.APP.P. 15a (Vernon Pamphlet 1997). Thus, pursuant to Rules 15a and 15(c), the Court, sitting en banc including Justice McClure but excluding the particular justice under consideration, considered Resendez's motion according to the provisions of TEX.R.CIV.P. 18b with regard to Chief Justice Barajas and Justices Larsen and Chew, in turn. TEX.R.APP.P. 15a, 15(c)(Vernon Pamphlet 1997). In each instance, the remaining majority of the justices of this Court found no reason to recuse the justice under consideration. We, therefore, deny Resendez's motion with regard to Chief Justice Barajas and Justices Larsen and Chew.