**Maria SEARS and Thomas Priestly, Appellants,**

v.

**Nueces County Sheriff Larry OLIVAREZ, et al., Appellees.**

**No. 13–00–344–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 3, 2000.

Opinion Dismissing Motion for Rehearing Sept. 7, 2000.

appellant's brief is filed." TEX.R.APP. P.    25.2(d).

Bradford M. Condit, Corpus Christi, for Appellants.

Walter D. Bryan, Corpus Christi, for Appellees.

## OPINION ON MOTION

On June 23, 2000, this court received "Appellants Sears' and Priestly's Unopposed Motion to Transfer," which is alternatively entitled in the body of the motion as "Appellant Bradford Condit's Unopposed Motion to Transfer." In this motion, appellants' attorney, Bradford M. Condit, seeks the recusal or disqualification of each of the justices of this court and moves to transfer this appeal to another court. We hold that the motion is without merit and deny it accordingly.

### Introduction

The motion states:

### Appellant Bradford Condit's Unopposed Motion to Transfer

As you know, Mr. Condit is the only Republican candidate seeking a position on this Court that has been dominated by democratic party members.

The attached documents available in the public domain severely criticizes [sic] the way this Court decides cases.

It is in the best interests of justice to transfer this case from this Court.

It is Mr. Condit's and his clients' belief that the Court will decide this case not on the well-established law cited in the briefs and not on the factual merits of this case, but solely to promote the democratic agenda in order to assist the Court's democratic colleagues and/or to relatiate [sic] against him.

Mr. Condit strongly believes it is a violation of the following listed canons of the Texas Judicial Conduct Code to not to transfer this case to another Court of Appeals:

Canon 1, "Upholding the Integrity & Independence of the Judiciary", and

Canon 2, "Avoiding Impropriety & The Appearance of Impropriety in all of the Judge's Activities".

Also, each judge of the 13 th court is disqualified and/or should recuse him or herself under Tex.R.Civ.P. 18b(2)(a) and/or (b).

Appellants' counsel fears more political reprisals are in store for him and his clients just as this court retaliated again him in cause no. 13–98–569–CV, the Lloyds case now pending before the Texas Supreme Court.

The Texas Supreme Court mandates that when there exists a reasonable question as to a judge's impartiality, recusal is mandatory. In determining whether recusal is required pursuant to Tex.R.Civ.P. 18b(2)(a), the proper inquiry is whether a reasonable member of the public at large, knowing all the facts in the public domain would have a reasonable doubt that a judge is actually impartial. Rogers v. Bradley, 909 S.W.2d 872, 874 (Tex.1995).

The correct policy consideration in this regard is the promotion of objectively impartial tribunals. Public policy demands that a judge who sits in a case act with absolute impartiality. Prendergass v. Beale, 59 Tex. 446, 447 (1883).

This is well-established law and not complicated. It is law that should not be ignored. Additionally, there is no law that prohibits this appellate body from transfering [sic] this case to another court of appeals. See, Nueces County v. Whitley, et al., 997 S.W.2d 757

(Tex.App.—Corpus Christi, 1999, pet. denied)(in the absence of law preventing any certain act authority exists to take any action).

However, beyond the demand that a judge be impartial is the requirement that a judge appear to be impartial so that no doubts or suspicions exist as to the fairness or integrity of the court. *Aetna Life Ins. v. Lavoie*, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986).

Wherefore, Appellants pray each judge recuse or disqualify him or herself and transfer this case to another Court of Appeals and in the alternative, seek an assignment from the Chief Justice of the Texas Supreme Court.

> BRADFORD M. CONDIT
> Attorney at Law
> 401   North Tancahua Street
> Corpus Christi, Texas 78401
> General Office: 361/884–2075
> Facsimile No.: 361/884–2077
> By: /s/ ____
> Bradford M. Condit
> State Bar No. 04656525

### *Certificate of Consultation*

On June 21, 2000, I consulted Mr. Walter Bryan, attorney for Appellees, and he does not oppose this motion.

> /s/ ____
> Bradford M. Condit

Attached to the motion are twenty-seven pages of material, which include some if not all of Mr. Condit's campaign materials, briefs and motions from prior litigation involving Mr. Condit, and correspondence with the clerk and some members of the court. The motion is also accompanied by the affidavit of Mr. Condit which states, among other things, his belief that a decision in this case by this court will be politically motivated to assist his opponent in the upcoming general election. It also contains other charges against members of the court, which, if substantiated by facts, could result in the offending justice or justices being severely sanctioned or removed from office. *See generally* Tex. Code Jud. Conduct, *reprinted in* Tex. Gov't Code Ann., title 2, subt. G, app. B (Vernon 1998 & Supp.2000); Tex.R. Rem'l/Ret. Judg., Rules 10, 15.

The court, finding the allegations and conclusions in the motion without substance, overrules same. Each justice affirmatively states that he or she is not disqualified from hearing this case and none of the justices choose to recuse themselves from the case.

### *Judicial Conduct*

■ All judges have the duty to sit and decide matters brought before them, unless there is a basis for disqualification or recusal. *Rogers v. Bradley*, 909 S.W.2d 872, 879 (Tex.1995)(Enoch, J. concurring). In fact, as was the case in *Sun Oil Co. v. Whitaker*, 483 S.W.2d 808, 823–824 (Tex. 1972), this duty, on some occasions, overrides the judges' personal preference.

■ Judges, individually and collectively, must respect and honor the judicial office as a public trust and strive to enhance and maintain confidence in our legal system. Tex.Code Jud. Conduct, preamble, *reprinted in* Tex. Gov't Code Ann., title 2, subt. G, app. B (Vernon 1998 & Supp. 2000). In this regard, the Texas Code of Judicial Conduct requires that judges observe high standards of conduct so that the integrity and independence of the judiciary is preserved; conduct themselves at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary; refrain from conveying or permitting others to convey the impression that they are in a special position to influence them; and refrain from financial dealings that tend to reflect adversely on their impartiality or exploit their judicial position. *See generally id.; Aguilar v. Anderson*, 855 S.W.2d 799, 814 (Tex.App.-El Paso 1993, writ denied)(Barajas, J., concurring and dissenting).

### Disqualification and Recusal

◼ Judges may be removed from a particular case either because they are constitutionally disqualified, TEX. CONST. art. V, § 11, because they are subject to a statutory strike, TEX. GOV'T CODE ANN. § 74.053(d) (Vernon 1998), or because they are recused under rules promulgated by the Texas Supreme Court, TEX.R. CIV. P. 18a, 18b; TEX.R.APP. P. 16. *In re Union Pac. Resources Co.*, 969 S.W.2d 427, 427–28 (Tex.1998).

The grounds and procedures for each type of removal are fundamentally different. *In re Union Pac. Resources Co.*, 969 S.W.2d at 427. The grounds for disqualification of appellate court justices are determined by the constitution and laws of Texas. TEX.R.APP. P. 16.1. The Texas Constitution provides that: "No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case." TEX. CONST. art. V, § 11.

◼ In order to be constitutionally disqualified, the judge must have so direct an interest in the cause or matter that the result must necessarily affect him or her to his personal or pecuniary loss or gain. *Rio Grande Valley Gas Co. v. City of Pharr*, 962 S.W.2d 631, 639 (Tex.App.-Corpus Christi 1997, pet. dism'd w.o.j.); *Palais Royal, Inc. v. Partida*, 916 S.W.2d 650, 653 (Tex.App.-Corpus Christi 1996, orig. proceeding). A common interest shared with the public is not a disqualifying interest under the constitution. *Rio Grande Valley Gas Co.*, 962 S.W.2d at 639. Under the Texas Rules of Civil Procedure, judges shall disqualify themselves when they know that, individually or as fiduciaries, they have an interest in the subject matter in controversy. TEX.R. CIV. P. 18b(1).

The grounds for recusal of an appellate court justice are generally the same as those provided in the rules of civil procedure. TEX.R.APP. P. 16.2. Texas Rule of Civil Procedure 18b(2) provides, in part, that judges shall recuse themselves when their impartiality might be questioned or when they have a personal bias or prejudice concerning the subject matter or a party. TEX.R. CIV. P. 18b(2)(a),(e). Judicial decisions rendered under circumstances that suggest bias, prejudice, or favoritism undermine the integrity of the courts, breed skepticism and mistrust, and thwart the principles on which the judicial system is based. *Sun Exploration and Production Co. v. Jackson*, 783 S.W.2d 202, 206 (Tex.1989)(Spears, J., concurring).

◼ In determining whether to recuse under rule 18b(2), the inquiry should be "whether a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial." *Rogers,* 909 S.W.2d at 881(Enoch, J., concurring); *see, e.g., Aguilar,* 855 S.W.2d at 804–05 (Osborn, J., concurring).

### Procedure for Recusal and Disqualification

◼ Since none of the justices chose to voluntarily recuse himself or herself, the court followed the procedure for recusal of justices of the courts of appeals as found in Texas Rule of Appellate Procedure 16. TEX.R.APP. P. 16. The rules do not currently provide a procedure for disqualification, so this court followed the same procedure to address both recusal and disqualification issues. *See* TEX.R.APP. P. 16; *former* TEX.R.APP. P. 15 (1986, amended 1997); *see Manges v. Guerra,* 673 S.W.2d 180, 185 (Tex.1984); *Resendez v. Schwartz,* 940 S.W.2d 714, 714–15 (Tex. App.-El Paso 1996, no writ), appeal dism'd, 940 S.W.2d 715 (Tex.App.-El Paso 1997, no writ).

Pursuant to rule 16.3, after receipt of this motion and prior to any further proceeding in this case, each of the six justices of this court considered the motion in

chambers. Tex.R.App. P. 16.3(b). Chief Justice Robert J. Seerden and Justices J. Bonner Dorsey, Federico G. Hinojosa, Linda Reyna Yañez, Melchor Chavez, and Nelda V. Rodriguez each found no reason to disqualify or recuse himself or herself and, pursuant to rule 16.3(b), certified the issue of his or her recusal to the entire court. *Id.*

■ The court, sitting en banc but excluding each justice in turn, considered the motion according to the provisions of Texas Rule of Appellate Procedure 16 and Texas Rule of Civil Procedure 18b. *See* Tex.R. App. 16; Tex.R. Civ. P. 18b. In each instance, the remaining majority of the justices of this court found no reason to disqualify or recuse the justice under consideration. The court has concluded that the motion to recuse or disqualify should be and is denied with respect to each justice on this court.

### Professionalism and the Judicial Process

While this court appreciates and encourages strong advocacy, it cannot approve or condone Mr. Condit's attack upon the justices of this court and its judicial process. The Texas Disciplinary Rules of Professional Conduct provide that a lawyer should demonstrate respect for the legal system and for those who serve it, including judges. Tex. Disciplinary R. Prof'l Conduct preamble ¶ 4, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Vernon 1998 ). "While it is a lawyer's duty, when necessary to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process." *Id.* The rules further provide that a lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory official or public legal officer, or of a candidate for election or appointment to judicial or legal office. Tex. Disciplinary R. Prof'l Conduct 802(a). Moreover, we note that, as an individual seeking elective judicial office, Mr. Condit is sub-

ject to many of the same higher standards of conduct that are applicable to members of the judiciary. *See* Tex.Code Jud. Conduct, Canon 6(G), 8(A), *reprinted in* Tex. Gov't Code Ann., title 2, subt. G, app. B (Vernon 1998 & Supp.2000).

■ We agree with the San Antonio Court of Appeals that it is sometimes necessary to address attacks on the integrity of the court:

A distinction must be drawn between respectful advocacy and judicial denigration. Although the former is entitled to a protected voice, the latter can only be condoned at the expense of the public's confidence in the judicial process. Even were this court willing to tolerate the personal insult levied by [counsel], we are obligated to maintain the respect due this Court and the legal system we took an oath to serve.

*In re Maloney,* 949 S.W.2d 385, 388 (Tex. App.-San Antonio 1997, no writ)(en banc)(per curiam)(counsel's assertions ascribed improper political motivations for the court's decision and implied that the court misrepresented the record in its opinion)(quoted with approval in *Merrell Dow Pharmaceuticals Inc. v. Havner,* 953 S.W.2d 706, 732 (Tex.1997)); *see also Johnson v. Johnson,* 948 S.W.2d 835, 840–41 (Tex.App.-San Antonio 1997, writ denied)(counsel attacked integrity and ability of trial court judge).

■ Mr. Condit has alleged that the justices of this court have committed gross judicial misconduct and tortious behavior; however, his arguments are wholly without factual or legal basis. We cannot and will not tolerate such unwarranted attacks on this court and its judicial process.

### Conclusion

The motion is without merit, and we overrule it accordingly. In the event that the appellants wish to further pursue the issues that have been determined herein, we note that appellants have additional recourse. *See* Tex.R.App. P. 16.3(c) (denial

of recusal motion is subject to review). Moreover, we are forwarding copies of the motion and this opinion to the State Commission on Judicial Conduct for its information and any action that it may deem appropriate.

Further, we find that this matter requires the court to exercise its duty under Canon 3(D)(2) of the Texas Code of Judicial Conduct, and we are acting accordingly by forwarding copies of these documents to the Office of General Counsel of the State Bar of Texas. TEX.CODE JUD. CONDUCT, Canon 3(D)(2), *reprinted in* TEX. GOV'T CODE ANN., title 2, subt. G, app. B (Vernon Supp.2000). Because we are taking this action, we will not in this instance pursue sanctions against Mr. Condit under our inherent authority or under the Texas Civil Practice & Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE §§ 10.001 et seq. (Vernon Supp.2000); *see Merrell Dow Pharmaceuticals Inc. v. Havner*, 953 S.W.2d 706, 732 (Tex.1997).

### OPINION ON MOTION FOR REHEARING

Appellees Nueces County Sheriff Larry Olivarez, et al., by and through their attorney of record, Walter Bryan, Assistant Nueces County Attorney, have filed a request for rehearing on Appellants' Unopposed Motion to Transfer. For the reasons stated herein, we dismiss the motion for rehearing as moot.

#### Background

■ On June 23, 2000, this court received "Appellants Sears' and Priestly's Unopposed Motion to Transfer," alternatively entitled "Appellant Bradford Condit's Unopposed Motion to Transfer." The certificate of service reflects that a copy of this motion was provided to Bryan this same date by nail. The Texas Rules of Appellate Procedure provide that a party may file a response to a motion at any time before the court rules on the motion or by any deadline set by the court. TEX. R. APP. P. 10.1(b); *see also* 13TH TEX. APP. (CORPUS CHRISTI) LOC. R. III. Appellees failed to file a response to the "Unopposed Motion to Transfer," and this Court, sitting en banc, denied the motion with an opinion issued on August 3, 2000. Appellees filed their motion for rehearing on August 16, 2000, within fifteen days after the order was rendered. *See* TEX. R. APP. P. 49.1.

#### Motion for Rehearing

Appellees request a rehearing for the sole purpose of determining their opposition to the "Unopposed Motion to Transfer." Appellees admit that they were unopposed to appellants' submission of a motion to transfer, but state that:

> Appellees would have been and are currently opposed to the type of disingenuous hyperbole expounded by Appellants' counsel through the MOTION ...

> Appellees vehemently oppose the rampant innuendo, speculation, and conspiracy theories contained in the MOTION ...

> Appellees file this formal written motion for rehearing so as to not tacitly condone the MOTION and attachments which personally attack the integrity of the honorable justices of this court and its judicial process.

We note that appellees state they attempted to confer with counsel for appellants, Bradford M. Condit, about the merits of their motion for rehearing, "but he could not decide if he was opposed." Appellants have not subsequently filed a response to the motion for rehearing.

#### Analysis and Conclusion

Appellees' motion for rehearing fails to request relief from or modification of this Court's opinion as issued on August 3, 2000. Insofar as appellees fail to request substantive relief from this Court's rulings in its opinion, appellees' motion for rehearing requires no further consideration, and is dismissed as moot.

In accordance with our prior ruling, we are forwarding copies of appellees' motion

for rehearing and this opinion to the State Commission on Judicial Conduct and to the Office of General Counsel of the State Bar of Texas.