Charlie CANNON d/b/a Charlie Cannon Contracting, Appellant,

v.

The CITY OF HURST, Texas, Appellee.

No. 2–04–049–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 22, 2005.

Charlie Cannon, Arlington, pro se.

Harrison, Steck, Hoover & Drake, P.C., Stephen D. Harrison, Fort Worth, for appellee.

## ORDER

PER CURIAM.

Currently pending before this court is appellant's August 24, 2005 "Motion to Recuse Justices" that comprise the newly appointed panel in the above-referenced cause—Justices Terrie Livingston, Sue Walker, and Robert McCoy—under Texas Rule of Civil Procedure 18b(2).[1]

Appellant's motion appears to challenge the impartiality of the justices comprising the newly formed panel under rule 18b(2) that requires a judge to recuse himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned. TEX.R. CIV. P. 18b(2). Appellant points primarily to the "close working relationship of the new and old panels" as well as the "magnitude of bias" that the new panel might subject appellant to.

Rule 16 of the Texas Rules of Appellate Procedure states that the grounds for recusal are the "same as those provided in the Rules of Civil Procedure." TEX.R.APP. P. 16.2; *see also* TEX.R. CIV. P. 18a, 18b. Rule 18b(2) of the Texas Rules of Civil Procedure identifies the grounds for recusal. TEX.R. CIV. P. 18b(2); *McCullough v. Kitzman*, 50 S.W.3d 87, 88 (Tex.App.-Waco 2001, pet. denied) (order). It provides that a judge shall recuse himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, as asserted by appellant here. TEX.R. CIV. P. 18b(2)(a).

Rule 16.3 of the Texas Rules of Appellate Procedure prescribes the procedure to be followed for recusal of an appellate justice or judge:

Before any further proceeding in the case, the challenged justice or judge must either remove himself or herself from all participation in the case or certify the matter to the entire court, which will decide the motion by a majority of the remaining judges sitting en banc. The challenged justice or judge must not sit with the remainder of the court to consider the motion as to him or her. TEX.R.APP. P. 16.3(b).

Pursuant to the procedure set forth in rule 16.3(b), upon the filing of the recusal motion and prior to any further proceedings in this appeal, each of the challenged justices of this court considered the motion in chambers. *Id.* Justices Terrie Livingston, Sue Walker, and Robert McCoy each found no reason to recuse themselves and certified the matter in writing to the remaining members of the court en banc. *See id.; McCullough*, 50 S.W.3d at 88. This court then followed the accepted procedure set out in rule 16.3(b). TEX.R.APP. P. 16.3(b); *Manges v. Guerra*, 673 S.W.2d 180, 185 (Tex.1984); *McCullough*, 50 S.W.3d at 88. The three remaining justices met to deliberate and decide the motion to recuse with respect to each challenged justice by a vote of the remaining justices en banc. No challenged justice sat with the other members of the court when his or her challenge was considered. *See* TEX.R.APP. P. 16.3(b); *McCullough*, 50 S.W.3d at 88. Each recusal was considered on a case-by-case fact-intensive basis. *See McCullough*, 50 S.W.3d at 89; *Williams v. Viswanathan*, 65 S.W.3d 685, 688 (Tex.App.-Amarillo 2001, no pet.) (order).

Having carefully examined the pleadings and the record as to the allegations pertaining to each challenged justice, and

---

1. Chief Justice John Cayce and Justices LeeAnn Dauphinot and Anne Gardner have voluntarily recused themselves in this matter.

finding the allegations to be unsubstantiated, each motion to recuse is denied with respect to each challenged justice. The court enters the following orders:

### ORDER DENYING MOTION AS TO JUSTICE LIVINGSTON

This court, Justice Livingston not participating, finds no reason to recuse Justice Livingston. *See* TEX.R.APP. P. 16.2; TEX.R. CIV. P. 18b(2). Accordingly, appellant's motion to recuse Justice Livingston is denied.

CAYCE, C.J.; DAUPHINOT and GARDNER, JJ., recused.

LIVINGSTON, J., not participating.

### ORDER DENYING MOTION AS TO JUSTICE WALKER

This court, Justice Walker not participating, finds no reason to recuse Justice Walker. *See* TEX.R.APP. P. 16.2; TEX.R. CIV. P. 18b(2). Accordingly, appellant's motion to recuse Justice Walker is denied.

CAYCE, C.J.; DAUPHINOT and GARDNER, JJ., recused.

WALKER, J., not participating.

### ORDER DENYING MOTION AS TO JUSTICE McCOY

This court, Justice McCoy not participating, finds no reason to recuse Justice McCoy. *See* TEX.R.APP. P. 16.2; TEX.R. CIV. P. 18b(2). Accordingly, appellant's motion to recuse Justice McCoy is denied.

CAYCE, C.J.; DAUPHINOT and GARDNER, JJ., recused.

McCOY, J., not participating.