**Motion Denied and Order filed August 30, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00433-CR
_____

**ANTHONY WHITNEY NORMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1248767**

## ORDER

On August 10, 2012, appellant, who is *pro se* in this appeal, filed a motion seeking recusal of all justices on this court. In the motion, appellant asserted that the justices have a conflict of interest because the court permitted the State to file its brief late and a decision on the merits of appellant's appeal has not been released, even though the cause was submitted to a panel of justices on May 17, 2012. Alternatively, appellant asks the court to rule immediately. This court follows the procedures set forth in Texas Rule of Appellate Procedure 40. We determine appeals in criminal cases at the "earliest possible time," considering cases that are given precedence by law. Tex. R. App. P. 40.2.

Rule 16 of the Texas Rules of Appellate Procedure states that the grounds for recusal are the "same as those provided in the Rules of Civil Procedure." Tex. R. App. P. 16.2. Rule 18b(2) of the Texas Rules of Civil Procedure identifies the grounds for recusal. Tex. R. Civ. P. 18b(2); *McCullough v. Kitzman*, 50 S.W.3d 87, 88 (Tex. App.—Waco 2001, pet. denied) (order). It provides, among other matters that a judge shall recuse himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned or he has a personal bias or prejudice concerning a party. Tex. R. Civ. P. 18b(2)(a), (b).

Rule 16.3 of the Texas Rules of Appellate Procedure prescribes the procedure to be followed for recusal of an appellate justice or judge:

> Before any further proceeding in the case, the challenged justice or judge must either remove himself or herself from all participation in the case or certify the matter to the entire court, which will decide the motion by a majority of the remaining judges sitting en banc. The challenged justice or judge must not sit with the remainder of the court to consider the motion as to him or her.

Tex. R. App. P. 16.3(b).

When, as in this case, a party challenges all the members of the court, the motion is decided by the court under the procedures set forth in Rule 16. *See Cannon v. City of Hurst*, 180 S.W.3d 600, 601 (Tex. App.—Fort Worth 2005, no pet.) (order); *Resendez v. Schwartz*, 940 S.W.2d 714, 714 (Tex. App.—El Paso 1996, no writ) (applying same procedure under former rule 15(c)); *see also Cameron v. Greenhill*, 582 S.W.2d 775, 777 (Tex. 1979) (denying motion to disqualify entire Texas Supreme Court from considering challenge to State Bar fee assessment).

Pursuant to the procedure set forth in rule 16.3(b), upon the filing of the recusal motion and prior to any further proceedings in this appeal, each of the challenged justices of this court considered the motion in chambers. *Id.* Chief Justice Adele Hedges, Justices

Kem Thompson Frost, Charles W. Seymore, Jeffrey V. Brown, William J. Boyce, Tracy Christopher, Martha Hill Jamison, Sharon McCally, and J. Brett Busby each found no reason to recuse themselves and certified the matter in writing to the remaining members of the court en banc. *See id.* This court then followed the accepted procedure set out in rule 16.3(b). *See Manges v. Guerra*, 673 S.W.2d 180, 185 (Tex. 1984); *McCullough*, 50 S.W.3d at 88. The justices, except for Justice Frost, then deliberated and decided the motion to recuse with respect to each challenged justice by a vote of the remaining participating justices en banc. No challenged justice sat with the other members of the court when his or her challenge was considered. *See* Tex. R. App. P. 16.3(b); *Cannon*, 180 S.W.3d at 601.

Having considered the motion to recuse the court as to each challenged justice, and finding no basis for recusal, the motion to recuse is **DENIED**, with Justice Frost not participating in the en banc proceedings.

PER CURIAM

En Banc. (Frost, J. not participating in the en banc proceedings).