| ERIC DRAKE | § | THIRD COURT OF APPEALS |
|---|---|---|
| | § | |
| *Appellant* | § | |
| | § | |
| VS | § | |
| | § | |
| KASTL LAW P.C. ET AL | § | AUSTIN TEXAS |

*Defendants*

FILED
March 2, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

## APPELLANTS' MOTION TO RECUSE AND DISQUALIFY JUSTICE DAVID PURYEAR AND JEFF L. ROSE



RECEIVED
MAR 02 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

TO HONORABLE SAID JUDGE:

COMES NOW, Appellant, Eric Drake and respectfully request that Justices David Puryear and Jeff Rose of this Court, recuse themselves.

1.     Appellant files this motion at least ten days before this case is set for a oral argument, or hearing.

2.     It is Appellant's opinion that Justice David Puryear and Jeff L. Rose should be recused from hearing or acting on any parts of the above cause of action because of the possibility of impartiality. It is Appellant Drake understanding that both Justice Puryear and Rose were employed with the Texas Attorney General's Office in Austin or in Texas at one time. The

**APPELLANTS MOTION TO RECUSE/DISQUALIFY PURYEAR AND ROSE     PAGE 1**

above cause of action is directly related to the actions of an assistant attorney general by the name of Scot Graydon. Mr. Graydon perjured himself before the trial court to get Judge Charles Ramsay on August 19, 2014 to sign an order declaring the Appellant as a vexatious litigant wrongfully.

3. Graydon's actions are a violation of his attorney-sworn duties, and he committed a felony crime. Appellant is going to file a massive federal lawsuit, which Graydon will be the prime defendant. He need not try to rely on any immunity because as pled in Appellant's brief, criminal actions waive any immunity. Out of an abundance of caution, Appellant will seek injunctive relief from Justice Puryear and Rose in the federal suit.

4. Under the Texas Constitution, it provides three grounds for disqualifying a judge from hearing a case, Appellant will focus on just one of the three grounds: the judge "*may be interested*" in the outcome of the case. §3.1 Texas Appeals. It is reasonable, sensible, and logical that Justices Puryear and Rose would be interested in the above cause of action because of their past relationship with attorney general's office—especially, given the fact that the Appellant is making a claim that Mr. Graydon committed a crime which he could be disbarred and terminated. An ordinary person would believe that Justices Puryear and Rose would be believe Graydon

more so than the Appellant, thus the interest in the out come of the above cause in Justices Puryear and Rose whether they wish to admit it or not. Additionally, both of them would desire to protect him—which would prejudice Appellant Drake. The Texas Constitution does not call for "absolute proof" that Justices Puryear and Rose is interested, but that they might be interested.

5.    Pursuant to §4.1 of the Texas Appeals, a judge must recuse herself if her impartiality "might reasonably be questioned." TRCP 18b(b)(1); *Williams v. Viswanathan*, 65 S.W.3d 685, 687 (Tex.App.—Amarillo 2001, order); *Sears v. Olivarez*, 28 S.W.3d 611, 615 (Tex.App.—Corpus Christi 200, order).

6.    A judge must recuse herself if she has a personal bias or prejudice about the subject matter of the case or a party. TRCP 18b(b)(2). It is apparent that this Court is prejudice against Appellant. The Court posted Appellant's figuring his living expenses online were ignorant and vicious. But it shows a deep-seated racism and bias, and unveils a 1950s *KKK* hatred towards Appellant. All of the clerks of this Court will be sued for posting such on line in federal court. Appellant has sued several judges for their bias and racially motivated behavior. It is the Appellant's opinion that a jury of

his peers would not believe that Justices Puryear and Rose would be able to impartially decide the above cause of action with such allegations made against a "white" fellow attorney. Rule 18b(2)(a) does not require a showing of bias (partiality) arising form the bias has to come from an extrajudicial source that is outside the judicial proceeding. *Kniatt v. State*, 239 S.W.3d 910, 920 (Tex.App.—San Antonio 1990, writ denied).

7.      The possibility of the Appellant receiving a fair and impartial hearing or judgment from David Puryear or Jeff L. Rose appears to be extremely unlikely. The due process clauses of both the Texas and the United States Constitutions guarantee a party an impartial and disinterested tribunal in civil cases. *Metzger v. Sebek*, 892 S.W.2d 20, 37-38.

8.      There is a conflict of interest in the Appellant's opinion when justices who was previously employed with the office of attorney general is judging another attorney Scot Graydon (who is also employed with the TAGO) for Mr. Graydon's violations of the law. Because of the seriousness of the Appellant's claims against the Texas Attorney General's Office, and one of its attorneys, Appellant sees no possibility that Justices David Puryear and Jeff L. Rose in all likelihood could evaluate his cases against fairly and impartially. It's just not humanly possible. Moreover, the fact that Appellant

is suing Greg Abbot creates even greater possibilities that Puryear and Rose will presumably assist Graydon who has committed an actual crime. Mr. Abbot was both David Puryear and Jeff L. Rose superior and the governor.

9. In addition, Appellant will be deprived of a fair trial in violation of the due process clauses of both the state and federal constitutional rights and Texas Rule of Civil Procedure 18b because as said David Puryear and Jeff L. Rose impartiality might reasonably be questioned. *Woodruff v. Wright*, 51 S.W.3d 727, 735-36 (Tex. App.-Texarkana 2001) and Justices Puryear and Rose interest in the above cause. [A direct personal interest in the result of the case is a disqualifying interest]. *Cameron*, 582 S.W.2d at 776; *Sun Oil*, 483 S.W.2d at 823.

10. The inquiry the court must make is whether a reasonable member of the public, knowing all the facts in the public domain, would have a reasonable doubt that David Puryear or Jeff L. Rose is actually impartial. *Sears v. Olivarez*, 28 S.W.3d 611, 613.

11. Further, without taking the depositions of Justices David Puryear and Jeff L. Rose, Appellant does not know what personal relationships that Justice Puryear and Rose have with Scot Graydon and their wives and family—which would just increase the possibility of impartiality

and interest in the above cause by Justice Puryear and Rose. Not to mention, they would certainly come to Mr. Graydon's recuse if he is in the position of loosing his license to practice, which I believe he should be stripped of his license to practice law permanently and prosecuted.

12. Appellant likewise objects to Melissa Goodwin hearing or acting on the above cause because she most likely are friends with the judges whom the Appellant is about to sue, and for all the reasons Appellant has given to recuse Justices Puryear and Rose.

13. Appellant suggest that his case is moved to another judicial district appeals court where there are not blatant personal relationships between an assistant attorney general who has committed a crime and justices on this panel and the attorney general's office. Thus, Appellant also have filed with this motion to recuse a motion to transfer.

14. Therefore, Appellant Eric Drake respectfully request that Justices David Puryear and Jeff L. Rose recuse and disqualify themselves from the above entitled, numbered and styled cause of action.

Respectfully submitted,

Eric Drake
PO Box 833688
Richardson, Texas 75083
214-477-9288

## CERTIFCATION OF CONFERENCE

Plaintiff, Eric Drake attempted to conference with Kristina Kastl of Kastl Law Firm by she has repeatedly refused to conference with the Plaintiff. After the third requests, Plaintiff submits this motion to the Court for its determination. Plaintiff also attempted to conference with Scot Graydon, but Mr. Graydon has repeatedly refused likewise to conference with the Plaintiff. David Harris, is representing a judge in Dallas County, but it would appear that Mr. Harris is no longer an assistant attorney general—at least from the information Plaintiff received. Frank Waite has repeatedly conference with the Plaintiff and has repeatedly said that he has no objections in the Plaintiffs filing, as he has acknowledged that he has no objections to this motion filed in this Court on February 23, 2015.

Eric Drake

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2015, I served the foregoing "MOTION TO RECUSE," by causing one paper copy *Hand Delivered* to the Clerk of the Court of the Travis County Clerk of Court in Austin, and a copy forwarded to all other parties or defendants through their legal counsel by U.S. Mail that are named herein.

**Scot Graydon**
**300 West 15TH Street, Ste 2**
**Austin, Texas 78701**
**512-475-4413**

**David Harris**
**300 West 15TH Street, Ste 2**
**Austin, Texas 78701**
**Telephone: 512-475-4413**

**Kastl Law P.C.**
**4144 N. Central Expressway**
**Ste 300, Dallas, Texas 75204**
**Telephone: 214-821-0230**

**Vikki Ogden**
**411 Elm Street, Ste 500**
**Dallas, Texas 75202**
**Telephone: 214-653-7568**

Eric Drake

# VERIFICATION

STATE OF TEXAS

COUNTY OF DALLAS

BEFORE ME, the undersigned Notary Public personally appeared, Eric Drake pro se, who being by me duly sworn upon oath deposed and said that he is the Petitioner in the above entitled and numbered cause; that he has read the above and foregoing motion; and that every statement contained herein is within his personal knowledge, true and correct.



_____
Eric Drake

Subscribed and sworn to before me on the _25th_ day of February, 2015, to certify which witness and official seal.

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

KEVIN BILOTTI
My Commission Expires
December 12, 2018

My Commission Expires:_____

## CAUSE NO: 13-14-00665-CV

| | | |
|---|---|---|
| **ERIC DRAKE** | § | **THIRD COURT OF APPEALS** |
| | § | |
| *Appellant* | § | |
| | § | |
| **VS** | § | |
| | § | |
| **KASTL LAW P.C. ET AL** | § | **AUSTIN TEXAS** |

*Defendants*

## ORDER ON APPELLANT'S MOTION TO RECUSE JUSTICE DAVID PURYEAR

After considering Appellant's Eric Drake, Motion to Recuse/Disqualify Justice David Puryear:

- o AGREES to recuse himself or

- o REFUSES to recuse himself and refer this motion to another judge to hear the matter.

Signed this _____ day of _____, 2015, Austin, (Travis County) Texas.

_____

JUSTICE DAVID PURYEAR

Solo Page

| ERIC DRAKE | § | THIRD COURT OF APPEALS |
|---|---|---|
| | § | |
| *Appellant* | § | |
| | § | |
| VS | § | |
| | § | |
| | § | |
| KASTL LAW P.C. ET AL | § | AUSTIN TEXAS |

*Defendants*

## ORDER ON APPELLANT'S MOTION TO RECUSE JUSTICE JEFF L. ROSE

After considering Appellant's Eric Drake, Motion to Recuse/Disqualify Justice Jeff L. Rose:

- o AGREES to recuse himself or

- o REFUSES to recuse himself and refer this motion to another judge to hear the matter.

Signed this _____ day of _____, 2015, Austin, (Travis County) Texas.

_____
JUSTICE JEFF L. ROSE

Solo Page

## CAUSE NO: 13-14-00583-CV

| | | |
|---|---|---|
| **ERIC DRAKE** | § | **THIRD COURT OF APPEALS** |
| | § | |
| *Appellant* | § | |
| | § | |
| | § | |
| **VS** | § | |
| | § | |
| **KASTL LAW P.C. ET AL** | § | **AUSTIN TEXAS** |
| | § | |
| *Defendants* | | |

## F I A T

Hearing on Appellant's, Eric Drake, Motion to Recuse/Disqualify David Puryear and Jeff L. Rose is set for _____A.M./P.M. on the _____day of _____, 2015.

Signed this the _____day of _____2015, Austin (Travis County) Texas.

_____
JUDGE PRESIDING

Solo Page